**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James D. Rancourt, | No. CV-17-00194-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| OneAZ Credit Union, | |
| Defendant. | |

At issue is Defendant's Motion for Summary Judgment (Doc. 67, MSJ), to which Plaintiff filed a Response (Doc. 71, Resp.) and Defendant filed a Reply (Doc. 73, Reply). The Court resolves the Motion without oral argument. *See* LRCiv 7.2(f).

**I.　BACKGROUND**

Plaintiff James D. Rancourt worked as an Investigations/Security Manager for Defendant OneAZ Credit Union. On March 27, 2015, Plaintiff informed his manager, Robert Gibboni, that he was diagnosed with pancreatic cancer. Defendant accommodated Plaintiff's subsequent requests related to his treatment, including time off for physicians' appointments and work from home. Plaintiff received Defendant's approval for leave from work under the Family Medical Leave Act (FMLA), and his FMLA leave ran until June 19, 2015. He then received Defendant's approval for an extended leave of absence for an additional 30 days. Plaintiff applied for and received short-term disability insurance benefits, followed by long-term disability insurance benefits, followed by Social Security disability benefits. In July 2015, Plaintiff expressed to Defendant's

human resources representative, Thea Ammon, that he was not able to return to work and that his survival was questionable, but that he hoped to return to work if his treatment was successful. Ammon informed Plaintiff that he remained an active employee on approved leave. Plaintiff's extended leave ended on July 20, 2015, at which time Defendant informed him he was eligible for rehire. But Plaintiff never applied for or sought re-employment. Later in 2015, Defendant ensured Plaintiff's COBRA medical insurance coverage continued through 2015, while Plaintiff underwent chemotherapy treatment.

Plaintiff's doctors have never released him for a return to work. Moreover, Plaintiff collects long-term disability insurance benefits, which require that he certify that he is unable to work, and Social Security disability benefits, which require that he is not able to engage in substantial gainful activity.

After filing a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC) on December 24, 2015, and receiving a right-to-sue letter on September 19, 2016, Plaintiff filed suit against Defendant in Arizona state court on December 16, 2016. Defendant removed the action to this Court on January 20, 2017. (Doc. 1.) In his Complaint (Doc. 1-1 at 7-14, Compl.), Plaintiff raises four claims against Defendant: (1) failure to accommodate in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112; (2) failure to accommodate in violation of the Arizona Civil Rights Act (ACRA), A.R.S. § 41-1461 *et seq.*; (3) unlawful discrimination in violation of the ADA; and (4) unlawful discrimination in violation of the ACRA. Defendant now moves for summary judgment on all of the claims against it.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285,

1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

**III.    ANALYSIS**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 28 U.S.C. § 12112. To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that he: 1) is disabled; 2) is qualified; and 3) suffered an adverse employment action because of his disability. *Menchaca v. Maricopa Comm. College Dist.*, 595 F. Supp. 2d 1063, 1067 (D. Ariz. 2009).

The Court's resolution of Defendant's Motion begins and ends with the second element of the *prima facie* ADA discrimination test.

> An ADA plaintiff bears the burden of proving that [he] is a "qualified individual with a disability"—that is, a person "who, with or without reasonable accommodation, can perform the essential functions" of [his] job. A totally disabled person who cannot "perform the essential functions of the employment position" with or without reasonable accommodations thus cannot be a "qualified individual" entitled to sue under Title I of the Act.

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir. 2000) (quoting *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999) & 28 U.S.C. § 12111).

Defendant contends that no genuine dispute of material fact exists as to the question of whether Plaintiff is "qualified" under the Act, and all of the probative evidence shows that he is not. Specifically, Defendant cites Plaintiff's own statements as to his inability to work, the fact that Plaintiff's doctors have not released him for a return to work, and Plaintiff's representations in connection with his applications for disability benefits, in which he has stated he is disabled and unable to work. (MTD at 8-10; Doc. 68, DSOF ¶¶ 20, 21, 28, 29, 30, 31.) Defendant also argues that Plaintiff is estopped from testifying he is able to work by his statements to the contrary to obtain disability benefits from his insurer and the Social Security Administration.

In response to Defendant's argument that Plaintiff is unable to work and thus unqualified under the ADA, Plaintiff essentially argues "you wish." (Resp. at 5-6.) Specifically, the *entirety* of Plaintiff's argument is as follows:

> [Defendant's] argument that [Plaintiff] is not a qualified individual within the meaning of the ADA and ARCA [sic] is patently untrue, and is particularly offensive when viewed in conjunction with its concerted efforts to conceal from him his rights under the ADA. [Plaintiff] is not totally disabled. [Defendant] wishes that he was. When his employment with [Defendant] was illegally terminated, [Defendant] was saved his entire executive salary, and "filled" his position with other less qualified, less expensive employees.

(Resp. at 5-6.) Plaintiff neither cites any legal authority nor points to a single piece of evidence tending to show that he is not totally disabled and therefore a "qualified individual" under the ADA. Indeed, in his Response to Defendant's Statement of Facts, Plaintiff points only to an email, in which he stated to Ammon that he was not able to work in July 2015 but hoped to return to work in September 2015 if his treatment went well. (Doc. 72, PSOF ¶ 20 & Ex. 1.) Plaintiff admits he applied for and received Social Security disability benefits (PSOF ¶ 28), and denies without citation to a single controverting fact that his doctors have never released him to work and he collects long-term disability insurance benefits (PSOF ¶ 29). Plaintiff also fails to proffer any controverting fact to Defendant's evidence that Plaintiff certified to his insurance carrier that he is unable to work, instead calling Defendant's evidence "irrelevant." (PSOF ¶ 30.) Finally, Plaintiff provides the following contradictory response in his Statement of Facts, again without citation to any evidence: "Despite his efforts [Plaintiff] has found that he cannot perform his life's work because of his age, his diagnosis and the fact that he was fired by [Defendant]. His physical condition does not prevent him from performing the essential functions of the job held at [Defendant]." (PSOF ¶ 31.)

With regard to whether he is a "qualified individual" under the Act, Plaintiff has utterly failed to "produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact," as he is required to do to avoid summary judgment. *See Anderson*, 477 U.S. at 256-57. For this reason alone, Defendant is entitled to summary judgment. *See, e.g.*, *Yates v. Health Servs. Advisory Grp., Inc.*, 2017 WL 3197228, at *8 (C.D. Cal. July 24, 2017). Plaintiff also fails to meet Defendant's argument in any way that Plaintiff is estopped from claiming that he is able to work by his statements to his insurance carrier that he is unable to work (MSJ at 9-10), and, on account of Plaintiff's failure to respond, Defendant is also entitled to summary disposition in its favor on that argument. *See* LRCiv 7.2(i). Defendant may not sustain a suit against his employer for discrimination by averring he is able, or

qualified, to work and at the same time receive disability benefits by averring he is disabled and unable to work.

The Court notes that, even if it were required to reach the question of whether Defendant reasonably accommodated Plaintiff under the ADA, the only reasonable accommodation Plaintiff alleges Defendant denied him—if any—is an indefinite extension to his leave from work for medical treatment.[1] The Court agrees with Defendant that an indefinite leave of absence as an accommodation is unreasonable as a matter of law. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1240 (9th Cir. 2012); *see also Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 482 (7th Cir. 2017) (concluding if "employees are entitled to extended time off as a reasonable accommodation, the ADA is transformed into a medical-leave statute—in effect, an open-ended extension of the FMLA. That's an untenable interpretation of the term 'reasonable accommodation.'")

With regard to Plaintiff's parallel claims under the ACRA, Arizona courts have held that the ACRA is "generally identical" to the applicable provisions of the ADA, and thus federal case law is persuasive in interpreting the ACRA. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004); *see also Vitto v. Cent. Parking Corp.*, 103 F. App'x 202, 203 n.1 (9th Cir. 2004). For the same reasons as Defendant is entitled to summary judgment on Plaintiff's ADA claims, as detailed above, Defendant is entitled to summary judgment on Plaintiff's ACRA claims.

IT IS THEREFORE ORDERED granting Defendant's Motion for Summary Judgment (Doc. 67) and dismissing all of Plaintiff's claims against Defendant.

---

[1] Plaintiff spends most of his six-page responsive brief discussing his allegation that Defendant failed to adequately engage in an interactive process with Plaintiff. (Resp. at 3-5.) But Plaintiff is first obligated to make a *prima facie* ADA case by producing sufficient facts to demonstrate that he is qualified, which he has failed to do. "Employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137-38 (9th Cir. 2001); *see also Kramer v. Tosco Corp.*, 233 Fed. App'x 593, 596 (9th Cir. 2007) (noting "failure to engage in [the interactive process] is not evidence of failure to reasonably accommodate").

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 16th day of August, 2018.

*[signature]*
Honorable John J. Tuchi
United States District Judge